lml

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 06-40005-01-JAR** |
| | ) | |
| **BILLIE EUGENE MAY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM ORDER AND OPINION

This matter is again before the Court to determine whether defendant Billie May is
competent to stand trial.  On November 3, 2008, the Court held a competency hearing pursuant
to 18 U.S.C. § 4241.  The Court heard expert testimony from Dr. Karen Milliner on behalf of the
government and Susan Winslow on behalf of defendant, then took the matter under advisement.
For the reasons stated below, the Court finds defendant competent to stand trial.

*Background*

The facts of this case are well known to the parties and are set forth in this Court's
previous Order finding defendant competent to stand trial entered February 26, 2007.[1]  The Court
incorporates that order herein and relies upon it by reference in ruling on the instant motion.

On October 26, 2006, the Court held a competency hearing pursuant to 18 U.S.C. § 4241.
The Court heard expert testimony from Dr. George Hough on behalf of defendant, then took the
matter under advisement.  After reviewing the reports and testimony, the Court issued an Order

---

[1](Doc. 60.)

directing further evaluation by a medical doctor or psychiatrist, specifically with respect to the

number and dosage of medications defendant is using (Doc. 54).  A second hearing was held

January 9, 2007, where the Court heard argument regarding the report prepared by Dr. William

Logan, M.D.  The Court found that defendant's cognitive deficits did not render him

incompetent, and expressed its willingness to provide reasonable accommodations to aid

defendant at the trial.[2]

Trial was set to start on July 24, 2007, but was continued when it was discovered at the

limine conference that the government had not disclosed photographs of the guns at issue to

defense counsel.  On December 6, 2007, defendant filed a Second Motion to Determine

Competency to Stand Trial.[3]  The Court ordered that defendant be evaluated while in custody and

granted his request to report directly to the Bureau of Prisons hospital once designated.[4]

Meanwhile, co-defendant Linda Lou May was found to be in violation of her state court

probation in Jewell County, Kansas, and was sentenced to 48 months' imprisonment.

A second competency hearing was held November 3, 2008.  At that hearing, Dr. Milliner

testified to her psychological examination of defendant and findings discussed in her report.  Dr.

Milliner is a clinical psychologist at the Federal Medical Center in Lexington, Kentucky, where

defendant was confined for evaluation from May 20, 2008 through August 4, 2008.  Dr. Milliner

testified that she had reviewed the psychological evaluations prepared by Drs. Hough and Logan,

which she noted were conducted on an outpatient basis over a few hours rather than a longer

---

[2]*Id*. at 9.

[3](Doc. 102.)

[4](Doc. 106.)

term inpatient basis.  She testified that defendant functioned normally in the prison setting, which is not typical of someone with mental health issues.  While he was being evaluated, defendant remained on most of his numerous prescribed medications, with the exception of his pain and anxiety medications.  Specifically, defendant's Xanax dosage was greatly reduced, and he did not take any Oxycodone or Oxycontin while at FMC Lexington, which Dr. Milliner attributed as having a positive impact, since defendant did not present as impaired at FMC Lexington as he was described in previous examinations.

Dr. Milliner described the battery of psychological and intelligence tests administered to defendant, and noted that he suffered from the beginning stages of dementia as well as  anxiety and depression over his current legal situation.  Dr. Milliner noted that defendant suffered from short term memory loss, but concluded that his deficits were not severe enough to impact his competency, and that he showed no evidence of serious mental illness or insanity at the time of the offense.  Dr. Milliner reported that defendant evidenced no confusion about his legal situation and there was no indication that his comprehension of his legal situation is significantly impaired by these deficits, nor did they prevent him from conversing clearly, coherently and sensibly about his situation.  Defendant understood the importance of working collaboratively with his attorney and demonstrated an ability to consult effectively with his attorney.  Dr. Milliner suggested some accommodations the Court could make to help offset defendant's short-term memory loss, such as allowing breaks for counsel to discuss developments with defendant, slowing down the proceedings, repeating information as needed, and permitting defendant to ask questions.  Dr. Milliner also testified that defendant demonstrated possible diminished capacity at the time of the offense, as he told her he understood that he was not supposed to have a gun,

but forgot to discard it after he found it on his property.

The Court also heard testimony from Susan Winslow, defendant's younger sister. Winslow testified that defendant called her several times from FMC Lexington, but never mentioned Dr. Milliner and did not know why he was there.  Winslow testified that when she picked him up upon his release, defendant was very ill, was in great pain and could not keep food down.  Winslow keeps in contact with defendant and stops in to see him periodically.  She testified that he sometimes cannot remember conversations and has problems with his short term memory.  Winslow, who is 49, testified that she was told by her family that defendant, who is 61, did well in school, especially math.  When asked if defendant was easily confused, she responded that he had trouble running the clothes dryer.

*Discussion*

This Court has conducted a second hearing pursuant to 18 U.S.C. § 4241 to determine the mental competency of defendant.  As stated in its previous order, the statute requires that if the court finds by a preponderance of the evidence that defendant "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General."[5]  In *Dusky v. United States*,[6] the Supreme Court set forth a two-prong test for determining whether a defendant is competent to proceed to trial.  The court must consider "(1) whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of

[5]18 U.S.C. § 4241(d).

[6]362 U.S. 402 (1960).

understanding; and (2) whether he has a rational as well as factual understanding of the proceedings against him."[7]  "To make that assessment, the court reviews 'evidence of defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial.'"[8]  The presence of some degree of mental disorder does not, standing alone, mean that a defendant is incompetent to assist in his own defense.[9]  Nor are the concerns of counsel alone sufficient "to establish doubt of a defendant's competency."[10]

The Court does not find any evidence that causes it to change its previous finding of competency.  Indeed, Dr. Milliner's testimony reinforces the Court's previous analysis and conclusion, particularly because her competency evaluation was done on an inpatient basis with the benefit of several evaluations and interviews with defendant.  Although there appears to be no question that defendant suffers from cognitive impairments and short term memory loss, the Court remains convinced that these deficits do not render him incompetent to stand trial.  As previously stated, the Court is willing to provide certain accommodations for defendant, such as frequent breaks, ongoing monitoring of his sedation-causing medications, and questions and proceedings explained in simple terms, to be addressed more specifically at the limine conference to be held before trial.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant is competent to

---

[7]*Id.*; *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996); *see also Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

[8]*United States v. Williams*, 113 F.3d 1155, 1159 (10th Cir. 1997) (quoting *Drope v. Missouri*, 420 U.S. 162, 180 (1975)).

[9]*See United States v. Mackovich*, 209 F.3d 1227, 1233 (10th Cir. 2000).

[10]*Allen v. Mullin*, 368 F.3d 1220, 1246 (10th Cir. 2004) (quoting *Bryson v. Ward*, 187 F.3d 1193, 1202 (10th Cir. 1999)).

stand trial.

       IT IS SO ORDERED.

       Dated this 19th day of November 2008.

                      S/ Julie A. Robinson
                      Julie A. Robinson
                      United States District Court